Colin K. McCarthy, Esq. (Bar No. 215059)
ckmccarthy@lanak-hanna.com
Member of
LANAK & HANNA, P.C.
625 The City Drive South, Suite 190
Orange, CA 92868
Telephone:   (714) 550-0418
Facsimile:    (714) 703-1610

Attorneys for Plaintiff,
KEENAN, HOPKINS, SUDER AND STOWELL CONTRACTORS, INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

| | |
|---|---|
| KEENAN, HOPKINS, SUDER AND STOWELL CONTRACTORS, INC., a Nevada corporation,<br><br>Plaintiff,<br><br>v.<br><br>SKANSKA USA BUILDING, INC., a Delaware corporation;<br>SAN JOSE HEALTHCARE SYSTEM, LP, a Delaware limited partnership dba RMC SAN JOSE,<br><br>Defendants. | Case No. 5:14-cv-02576<br><br>**COMPLAINT FOR:**<br><br>1. **BREACH OF CONTRACT**<br>2. **BREACH OF IMPLIED WARRANTY OF PLANS AND SPECIFICATIONS**<br>3. *QUANUM MERUIT*<br>4. **FORECLOSURE OF MECHANICS LIEN**<br>5. **DECLARATORY RELIEF**<br><br>**(Demand for Jury Trial)** |

Plaintiff Keenan, Hopkins, Suder & Stowell Contractors, Inc., a Nevada corporation, through undersigned counsel, allege for its Complaint against Defendants, personally, jointly and severally, as follows:

### JURISDICTION

1.   Jurisdiction in this matter is conferred under 28 U.S.C. §1332 (Diversity).

### INTRADISTRICT ASSIGNMENT

2.   Pursuant to Northern District Local Rule 3-2(c), this Action is properly assigned to the San Jose Division of United States District Court, Northern District of California because the events and

{1670 21087}                                            1
**COMPLAINT**

omissions which give rise to the claim asserted herein occurred in the City of San Jose, County of Santa Clara.

## PARTIES AND VENUE

3. At all times herein mentioned, Plaintiff Keenan, Hopkins, Suder & Stowell Contractors, Inc. (hereinafter "KHS&S" or "Plaintiff"), was and is a Nevada corporation with its principal place of business in the State of California, City of Anaheim.

4. Plaintiff is informed and believes that Defendant Skanska USA Building, Inc. is a Delaware corporation with its principal place of business in the State of New Jersey, City of Parsippany.

5. Plaintiff is informed and believes that Defendant San Jose Healthcare System LP, dba RMC San Jose ("RMC San Jose") is a Delaware limited partnership doing business as RMC San Jose, with its principal place of business in the State of Tennessee, City of Nashville. Plaintiff is informed and believes that RMC San Jose is the purported and/or actual owner of the Project in dispute.

6. Plaintiff is informed and believes and thereon alleges that the activities complained of and/or obligations sued upon herein, arose within this judicial district pursuant to contract and that Defendants are obligated under that contract.

7. At all times herein mentioned, each of the Defendants was the agent and employee of each of their co-Defendants, and in doing the things herein mentioned, were acting in the scope of their authority as such agents and employees, and with the permission and consent of their co-Defendants and each of them claim some interest in the property which is the subject of this action.

8. This Court has subject matter jurisdiction over Defendants as alleged above.

9. Venue in this Court is appropriate pursuant to 28 U.S.C. Section 1391(b)(2).

## BACKGROUND FACTS

10. Defendant Skanska entered into a written agreement with Defendant RMC San Jose to construct the Regional Medical Center, San Jose, project located at 225 N. Jackson Avenue in San Jose California. ("Project" and Prime Contract").

{1670 21087}
2
**COMPLAINT**

11. In turn, Defendant Skanska entered into a written Subcontract agreement with Plaintiff dated December 10, 2010 whereby Plaintiff was to provide metal studs, gypsum board, plaster, EIFS and specialty doors for the Project in exchange for base payment in the amount of $14,766,973. This base figure was increased by $791,648 via change orders 1 through 11, to $15,558,621. In addition, there are a number of pending change orders for which Plaintiff has not been paid, in addition to progress billings and Project retention. A true and correct copy of the Subcontract is attached hereto as **Exhibit 1**.

12. Plaintiff has performed all of its Subcontract work, except that work which has been legally excused.

13. During the course of its performance, Plaintiff's work was consistently subject to incidents of delay and disruption caused solely by Defendants Skanska and RMC San Jose. Despite the severe delay and disruption, Defendants directed Plaintiff to continue with its work pursuant to the original Project schedule. Plaintiff submitted a formal claim to Defendant Skanska outlining the delay and disruption.

14. The incidents of delay and disruption in Plaintiff's work caused a severe acceleration in its schedule and reduced productivity, which, in turn, led to cost overruns. In order to meet the Project's scheduled completion date, Plaintiff was forced to ramp its workforce up and down as a result of schedule delays. This loss in productivity was outside the control of Plaintiff and could not have been anticipated at bid time, entitling Plaintiff to additional compensation. The effect of these incidents of delay and disruption, including but not limited to work being performed in a piecemeal manner, as well as work being done out of sequence in a disruptive manner, with many demobilizations and remobilizations, without a commensurate increase in time for performance.

15. The delay and disruption forced Plaintiff to perform its work under disruptive conditions within a compressed time frame. Almost all of Plaintiff's work activities in Defendant Skanska's Project schedule were disrupted and delayed except for one area referenced on the drawings as A202-A2 North

of 8 Line - West of F5, which in this specific area, Plaintiff achieved a 14% increase in its labor productivity as compared to estimate. Other than the area described in which Plaintiff improved upon its estimated productivity, Plaintiff was forced to continually adapt to an ever changing schedule, delays, numerous Requests for Information ("RFI's") and updates.

16. More specifically, the Project drawings referred to as Increment #2 Back Check #5 approval was delayed causing substantial impacts to the overall sequence, workflow and original contract schedule. First and most substantial were in relation to the first floor. For example, underground work and slab on grade were left incomplete and the work sequence was amended by others to start framing on the 2nd floor rather than the 1" floor contrary to original schedule. This amendment to the schedule substantially delayed one of Plaintiff's largest most intricate work areas. Consequently, subject delay caused predecessor to Plaintiff trades to be delayed all of which resulted in severe congestion, poor sequencing and substantial stacking trades.

17. Additionally, the deferred approval of the 'curtain wall,' system resulted in a substantial delay in completion of Plaintiff's contract work. As well, Plaintiff had to implement/take additional measures to separate areas exposed to the elements once approved. Finally, and more specifically, this delay caused severe delays, and disruptions resulting in Plaintiff's loss of productivity.

18. These issues had, among others, the following consequences:

    A. As a result of 'Increment #2 OSHPD delayed approval,' reduced access to large amounts of Plaintiff's work areas per the contracted schedule caused interrupted performance.

    B. Plaintiff was unable to complete work in certain areas and was forced to demobilize and remobilize to areas to complete its work due to Increment #2 being approved approximately nine (9) months late.

    C. Ongoing design changes altered working conditions in the field and created multiple periods of low productivity.

    D. Plaintiff's crews were constantly reassigned from one work area to another as a result of items 1 and 2 above.

  E. Increased design changes frequently caused unchanged work originally planned to be sequential to become concurrent, resulting in stacking of trades resulting in low productivity.

  F. Plaintiff was unable to complete its work per the contract schedule thereby forced to extend its work duration an additional eleven (11) months. Resulting in productivity loss and other losses as a result of:

   1. Ramping up and down manpower, reassignment of workforce.

   2. Excessive and unanticipated project worker orientations due to workforce fluctuations.

   3. Multiple delays caused a loss of learning and momentum as Plaintiff had to ramp down its crews, then ramp up, reorient, and retrain new manpower.

   4. Inadequate work flow.

   5. Inability to efficiently utilize equipment.

   6. Increased Project Management and field supervision as a result of constant schedule interruptions, and delays.

   7. Acceleration and trade stacking after delay resolution -resulting in compression.

19. Plaintiff is a follow up subcontractor in all of their contract work, meaning work by other Skanska subcontractors must be performed, completed, and pass inspection prior to Plaintiff starting its contract work. Defendants had the responsibility to ensure the subcontractors, including Plaintiff, could perform their contract work in a sequential and uninterrupted manner per the contracted Project schedule. This did not occur on the Project, as a result of schedule delays and Increment #2 nine-month approval delay.

20. Plaintiff's contract work was delayed and disrupted from the beginning of its work and continued through completion of the work without an increase in compensation. Due to the constrained working environment and delays associated with Increment #2 late approval and its other subcontractors, Plaintiff was forced to accelerate its schedule and over-man the Project when work areas became ready at a significant financial impact to Plaintiff. Plaintiff has been significantly damaged by these delays and overall Project inefficiencies.

21. Plaintiff has complied with all legal and contractual obligations, including all conditions precedent, to bringing this action.

## CLAIMS FOR RELIEF

## FIRST CLAIM FOR RELIEF

### Breach of Written Contract

**(By Keenan, Hopkins, Suder & Stowell Contractors, Inc. Against Defendant Skanska)**

22. The allegations in paragraphs 1 through 21 are incorporated herein.

23. Plaintiff and Defendant Skanska entered into a written Subcontract agreement to perform the work in exchange for payment. (Exhibit 1). The Subcontract agreement is supported by adequate consideration, including Plaintiff's provision of labor, material and services to the Project.

24. Plaintiff has performed all of its contractual obligations under the Subcontract agreement, including but not limited to the provision of metal studs, gypsum board, plaster, EIFS and specialty doors, labor, material and services for the Project, except for those obligations which have been legally excused. Plaintiff completed its Subcontract work.

25. Due to delays and mismanagement of Defendant in its trade, as alleged above, Plaintiff has incurred significant additional costs in the performance of its Subcontract work. These additional costs are in an amount which presently exceeds $3,764,275 in addition to costs, and prejudgment interest, at the maximum legal rate on all amounts due, owing, and unpaid after the date upon which such payment was due. Despite repeated requests for payment, Defendant Skanska has failed and refused to pay Plaintiff.

26. In addition, pursuant to California *Business and Professions Code* section 7108.5 and California *Civil Code* section 8818, Plaintiff is entitled to an additional two percent (2%) penalty, per month, calculated on all improperly withheld amounts, in addition to attorney's fees and costs.

///
///

## SECOND CLAIM FOR RELIEF

### Breach of Implied Warranty of Plans and Specifications

**(By Keenan, Hopkins, Suder & Stowell Contractors, Inc. Against Defendant Skanska)**

27. The allegations in paragraphs 1 through 26 are incorporated herein.

28. Defendant Skanska furnished to Plaintiff in connection with the Subcontract agreement, certain plans and specifications pertaining to the Project. By furnishing such plans and specifications to Plaintiff, Defendant Skanska impliedly warranted that the plans and specifications provided to Plaintiff were correct.

29. It quickly became evident to Plaintiff that Defendant's plans and specifications were defective and incomplete. Numerous change orders and RFI's were occasioned by Defendant's defective plans, causing Plaintiff's work to take significantly longer and dramatically increasing Plaintiff's costs.

30. Defendant Skanska, in furnishing defective and incomplete plans and specifications, breached an implied warranty of the correctness of the plans and specifications.

31. As a result of Defendant's breach of the implied warranty of the correctness of plans and specifications, Plaintiff has been damaged in an amount exceeding $3,764,275, plus costs, and prejudgment interest, at the maximum legal rate on all amounts due, owing, and unpaid.

## THIRD CLAIM FOR RELIEF

### *Quantum Meruit*

**(By Keenan, Hopkins, Suder & Stowell Contractors, Inc. Against Defendant Skanska)**

32. The allegations in paragraphs 1 through 31 are incorporated herein.

33. Within the last four years, Defendant Skanska became indebted to Plaintiff in an agreed principal sum to be determined at the time of trial, for work, labor and materials performed for the benefit of Defendant, by Plaintiff; and Defendant, and each of them, then and there agreed to pay the amount.

{1670 21087}  7

**COMPLAINT**

34.     Neither the whole nor any part of the above sum has been paid, and although demand therefore has been made, there is now due, owing and unpaid from Defendant, to Plaintiff an amount to conform to proof at trial, but not less than $3,764,275, together with interest at the legal rate.

## FOURTH CLAIM FOR RELIEF

### Foreclosure on a Mechanics' Lien

**(By Keenan, Hopkins, Suder & Stowell Contractors, Inc. Against Defendant RMC San Jose)**

35.     The allegations in paragraphs 1 through 34 are incorporated herein.

36.     Plaintiff supplied labor and materials to Defendant Skanska, which labor and materials were delivered to and used in the construction of the Project.

37.     Plaintiff is informed and believes, and thereon alleges, that, at all times mentioned, Defendant, RMC San Jose was and now is the reputed owner of the aforementioned Project.

38.     Plaintiff is further informed and believes, and thereon alleges, that Defendant RMC San Jose claims to have some right, title or interest in the above real property, the exact nature of which claim or claims is unknown to Plaintiff, and which claim or claims are subordinate to Plaintiff's claim of lien. Said real property is located in the City of San Jose, County of Santa Clara, State of California.

39.     Plaintiff is informed and believes, and thereon alleges, that Defendant Skanska was employed to act as contractor and statutory agent in the erection of the Project upon the above-referenced real property. Plaintiff entered into the Subcontract (Exhibit 1) with Defendant Skanska to perform and provide certain work, labor, materials and services in the construction of the Project. The materials were furnished by Plaintiff for an agreed price, as stated above, which is also the reasonable value of the labor and materials, and which labor and materials were actually used and incorporated into the construction of the Project.

40.     The labor and materials furnished by Plaintiff were and are reasonably worth the sum of $3,764,275.

41.     Within the time prescribed by law and in the manner prescribed by law, Plaintiff served

{1670 21087}

8

**COMPLAINT**

the Defendants with a California 20-day preliminary notice pursuant to the provisions of the California *Civil Code*. The notice contained a general description of the labor, service, equipment or materials furnished by Plaintiff, an estimate of the total price thereof, Plaintiff's name and address, the name of the person who subcontracted for the labor, service, equipment or materials, a description of the jobsite sufficient for identification, and a statement that if bills were not paid, the improved property might be subject to mechanic's liens.

42. Within the time prescribed by law, Plaintiff recorded a verified claim of lien in the office of the County Recorder of the County of Santa Clara, where the real property is located. At the time of recording the claim of lien, the principal amount of $3,764,275 was due, owing and unpaid for labor and materials delivered by Plaintiff and intended to be used and which were actually used in the construction of the Project. The cost of verifying and recording the claim of lien was $35.00, no part of which has been paid. The lien was duly signed and verified and contained statements of the following: amount of lien, name of the owner or reputed owner, a general statement of the kind of work done or the materials furnished by Plaintiff, the name of the person by whom Plaintiff was employed or to whom Plaintiff furnished its labor, services and/or materials, and a description of the property sought to be charged with a lien sufficient for identification. A true and correct copy of the Statement of Mechanics Lien is attached hereto as **Exhibit 2**.

## FIFTH CLAIM FOR RELIEF

### Declaratory Relief

**(By Keenan, Hopkins, Suder & Stowell Contractors, Inc. Against Defendant Skanska)**

43. The allegations in paragraphs 1 through 42 are incorporated herein.

44. An actual controversy has arisen and now exists between Plaintiff and Defendant Skanska, concerning their respective rights and duties under the Project Subcontract agreement. (Exhibit 1) Plaintiff contends that, by virtue of the Subcontract, Defendant is responsible to Plaintiff for payment of additional costs incurred in its work, including reasonable attorneys' fees and costs heretofore

{1670 21087}

9

**COMPLAINT**

incurred and for reasonable costs which might be incurred in the future as a result of the alleged conduct of Defendants, as set forth above, which gave rise to the claims that have been asserted against Defendant Skanska.

45. Defendant, on the other hand, by virtue of its refusal to honor the contractual obligations herein, contends that the Subcontract agreement does not obligate it to compensate Plaintiff for the damages incurred, including reasonable attorney's fees.

46. Plaintiff desires a judicial determination of the respective rights and duties of Plaintiff and Defendant Skanska, the Subcontract agreement, and a declaration that Defendant Skanska is obligated to reimburse Plaintiff for its losses, including reasonable attorney's fees.

47. Such declaration is necessary and appropriate at this time in order that Plaintiff may ascertain its rights and duties with respect to the Subcontract Agreement, and Plaintiff's performance thereunder.

## PRAYER FOR RELIEF

Plaintiff Keenan, Hopkins, Suder & Stowell Contractors, Inc., a Nevada corporation respectfully prays for judgment against Defendants, personally, jointly and severally, for the following relief:

**First Claim-Breach of Written Contract:**

Judgment for Plaintiff Keenan, Hopkins, Suder & Stowell Contractors, Inc., a Nevada corporation for damages against Defendant Skanska, USA Building, Inc., a Delaware corporation, in the amount of at least $3,764,275, in addition to interest at the legal rate, plus statutory attorney's fees and costs.

**Second Claim-Breach of Implied Warranty of Plans and Specifications:**

Judgment for Plaintiff Keenan, Hopkins, Suder & Stowell Contractors, Inc., a Nevada corporation for damages against Defendant Skanska, USA Building, Inc., a Delaware corporation, in the amount of at least $3,764,275, in addition to interest at the legal rate.

///

**Third Claim-*Quantum Meruit*:**

Judgment for Plaintiff Keenan, Hopkins, Suder & Stowell Contractors, Inc., a Nevada corporation for damages against Defendant Skanska, USA Building, Inc., a Delaware corporation, in the amount of at least $3,764,275, in addition to interest at the legal rate.

**Fourth Claim-Foreclosure on Mechanics' Lien:**

1. For the sum of $3,764,275, in addition to interest at the legal rate, plus costs, and further, the sum of $35.00 for verifying and recording the Statement of Mechanics Lien, and Plaintiff's costs of suit, to be adjudged and decreed to be a lien upon the real property described in this Complaint.

2. That the demands of Plaintiff, and all persons having claims of lien or any interest in the real property sued upon herein, be ascertained and adjudged, and that the interest of the Defendants and the interests of any person claiming under them, be sold under the decree of this Court, according to law, to satisfy the amount of the lien so ascertained and adjudged, with costs of this action, including the sum paid for verifying and recording the lien of Plaintiff sued upon herein.

3. That the Defendants and all persons claiming under them, either as purchaser, encumbrancers or otherwise, be barred and foreclosed of all rights, claims and equities of redemption in and to said property and every part thereof; and that the claim of lien of Plaintiff sued upon herein be adjudged a prior lien upon the lands and premises above mentioned; and that Plaintiff may be a purchaser at the sale of said premises prayed for as aforesaid, and that said purchaser be let into possession of said premises on production of a sheriff's deed.

**Fifth Claim-Declaratory Relief:**

A declaration of the respective rights and duties of Plaintiff Keenan, Hopkins, Suder & Stowell Contractors, Inc., a Nevada corporation and Defendant Skanska, USA Building, Inc., a Delaware corporation as to the Subcontract Agreement (Exhibit 1), and a declaration that Defendant Skanska, USA Building, Inc., a Delaware corporation, is obligated to reimburse Plaintiff for its losses, including reasonable attorney's fees.

{1670 21087}

1     For costs of suit, pre- and post-judgment interest and any other relief the Court deems necessary and proper under the law.

Dated: June 4, 2014                       LANAK & HANNA, P.C.

By: /s/Colin K. McCarthy
COLIN K. MCCARTHY
Attorneys for Plaintiff,
KEENAN, HOPKINS, SUDER AND STOWELL
CONTRACTORS, INC.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury for all issues properly triable to a jury.

Dated: June 4, 2014                       LANAK & HANNA, P.C.

By: /s/Colin K. McCarthy
COLIN K. MCCARTHY
Attorneys for Plaintiff,
KEENAN, HOPKINS, SUDER AND STOWELL
CONTRACTORS, INC.